All rise. This court is now in session. Please be seated. Would the court call the next case, please? 3-14-0-1-1-2 People of the State of Illinois at Law by Laura DeMichele Bynum v. Thomas Higgins, bailed by Tanya Roy Reedy. Joy Reedy. Ms. Reedy, good morning. Good morning, Your Honors. May it please the court, I'm Joy Reedy. I represent Thomas Higgins. And I plan to focus on issue one today, which is the admonishment issue, but I would be happy to answer questions about the second issue as well. Thomas Higgins essentially confessed on the stand to an offense he may not have known he was on trial for. He was charged with armed violence, but he was convicted of the uncharged, lesser-included offense of delivery of heroin. We are asking this court to find that a trial judge must admonish a defendant when it becomes clear that a defendant is conceding guilt on an uncharged, lesser-included offense. Would we be the first court to ever do that? Yes, I believe so, yes. So we're asking this in order to protect a defendant's fundamental right to decide how to plead. And because this right was not protected for Mr. Higgins, we ask this court to grant him a new trial. Unusually, in this case, this trial judge knew before trial that defense counsel intended to concede the delivery. But there's no evidence that Mr. Higgins knew the consequences of this strategy. At the time, Mr. Higgins testified and admitted that he sold the drugs to his friend. He had not been charged with delivery of heroin. There's no evidence that his attorney told him that he could be convicted of delivery of heroin. And in fact, defense counsel, in opening, conceded the delivery, but argued that Mr. Higgins had to be armed at the time of the sale for the jury to find him guilty. The first indication for Mr. Higgins in the record that he was on trial for delivery of heroin was after he testified, when his attorney agreed that the jury should be instructed on the delivery of heroin. Although the facts in this case are unusual, nevertheless, this case fits in a line of cases and Illinois law supporting the notion that because a defendant has a right to decide how to plead, the trial court should admonish a defendant when the defendant is conceding guilt on an offense for which he's liable. For example, in an ordinary guilty plea, the court must admonish a defendant to determine that the defendant knows the consequences of the plea and the maximum and minimum penalty he's facing. People v. Medina held that because tendering a lesser-included instruction is similar to a guilty plea. But the defendant here didn't tender a lesser-included instruction. Right, that's true in this case. So we're saying that although the facts of our case are not identical to this line of cases, nevertheless, there's a similarity between our case and the state's case. And that is that in this line of cases, the court is interested in protecting a defendant's right to decide how to plead and to make a knowing decision on how to plead. And so Medina fits in this line of cases in that way, that the court found that because tendering a lesser-included instruction is similar to a guilty plea, the court should admonish a defendant when the defendant is conceding guilt on an offense for which he's liable. And Medina also cites a case, People v. Campbell, where the Supreme Court found that if the defense agrees to a stipulation, and the stipulation includes a statement that the evidence is sufficient to convict, again, because it's similar to a guilty plea, the court should admonish a defendant when the defendant is conceding guilt on an offense for which he's liable. The court must admonish the defendant and be sure he personally agrees with the stipulation. What were defendant's options at trial? I mean, the evidence that made the delivery was overwhelming, was it not? The marked bills and stuff. So we had two options. Get on the stand and lie, or don't take the stand. And it doesn't seem pretty obvious that the theory was, look, by going there and showing the jury that you're an honest man, you say, I delivered this note, but I wasn't packing a rod. And so he dodged the bullet, in essence, on the armed violence charge, which would have meant a lot more, significantly more time, right? Right. But again, thinking of this as very similar to a guilty plea, the fact that someone takes a guilty plea without being admonished, we don't say, well, the evidence against him was overwhelming, so he didn't need to be admonished. We still think that because the defendant had a right to make a knowing and voluntary decision about how to plead, he should have been admonished, whatever the evidence against him. What's our standard of review here? It's de novo review. Isn't it plain error? Yes, it is. It is plain error. And we've argued that it should be reviewed under the second prong, yes. Was this structural error? No, we're not claiming that it was structural error. We're claiming that a significant right was denied. Well, hasn't the Supreme Court in Illinois equated the second prong as plain error review of structural error? I can give you some citations of recent cases that say no. So there are appellate court cases interpreting the Supreme Court, but they say that no, the Illinois Supreme Court has not held that the second prong of plain error is limited to those six structural error cases. Would you like those citations? If they're in your brief, I'll give them. I'm not sure they're in the brief. That's okay. All right. So yes, we are arguing that this should be reviewed as plain error under the second prong of the plain error analysis because it's a significant right that has been denied. And so the admonishment that we would propose that we think would be appropriate here would be similar to the Medina inquiry. And so Medina, the Supreme Court, sets out this two-stage inquiry where first the trial judge should ask defense counsel in the defendant's presence to determine whether counsel has advised the defendant of the potential penalties associated with the strategy. And then the second step is the court should also then directly ask the defendant whether the defendant agrees with the strategy. So again, we're asking this court to find that a trial judge must admonish a defendant when it becomes clear to the judge that the defendant is conceding guilt on an uncharged, lesser included offense, which is what happened here. And we're asking that because Mr. Higgins' right to decide how to plead was not protected in this case, that he be granted a new trial for the lesser included offense. Thank you. Any questions? No? Thank you, Ms. Reedy. Ms. DeMichel-Bailon? That's a new one since the last one. May it please the court? Counsel? Laura DeMichel-Bailon on behalf of the people. Bob Hanson wrote this brief and he has since retired, so the case was assigned to me for argument. I'd mostly rely on the arguments made in the brief, but I'd like to emphasize two points regarding issue one. And the first is that the record shows that defense counsel did talk to defendant about the lesser included offense. The state tendered, the record shows that the state tendered the lesser included offense instruction. Defense counsel then affirmed that the state was tendering it. Then the judge asked if defense counsel had talked to his client about it and he affirmed that he had. So there's no reason to speculate that defendant was somehow blindsided by this trial strategy where the record shows defense counsel on the record in defendant's presence saying that he had talked about this lesser included offense issue on the record. And that would be at 250 to 251. The second point is that Medina's dicta is distinguishable, but the facts of Medina are actually on point. And Medina is what we have to follow. It's a Supreme Court case. It's a recent Supreme Court case, 2006. The facts of Medina was a defendant did not tender a lesser included offense instruction. And there, under those facts, the court found that no inquiry was required where the defense didn't tender the instruction. Then it went on to discuss a situation where it viewed some inquiry as necessary. And that situation is where the defendant, and not the state, is the party tendering the lesser included offense instruction. And the reason for that is in that circumstance is when the state's not offering the instruction, the defendant's exposing himself to criminal liability that he might otherwise avoid by tendering it himself. But in this case, the instruction would have been given anyway, whether the defendant personally objected or not, because the people asked for it and the evidence warranted it. The instruction is warranted if a jury could rationally convict on the lesser included offense while acquitting on the greater offense under the evidence presented. And that's undeniably the case here. So the trial judge would have had no reason not to give the instruction. Cases discussed in Garcia mention how a defendant has no right to block the state from the instruction. Well, a trial judge can give the instruction to the spotty, can't he? Sure. And even if the state doesn't ask for it and the defendant doesn't ask for it, the trial judge can even give it sua sponte. So even before the defendant testified, it was clear from the evidence that the delivery occurred because there's the controlled by. And there's also a defendant's recorded statement that he gave shortly after the offense where he admits delivering the heroin. So his testimony really didn't change the evidentiary picture of was this instruction to be warranted or not in any event. So because Medina is clear that we're defendants not the one tendering it, no inquiry is required, it's on point, and this court should affirm defendant's conviction and sentence. Any questions? Okay. Thank you. Thank you. Ms. Reedy, rebuttal. Rebuttal. Yes. So may it please the court. So although it's true that the defense attorney, defense counsel, the judge asked the defense counsel, have you discussed this with your client? Defense counsel says yes. That, even under Medina, that would not be a sufficient inquiry because, again, Medina and these other cases are interested in preserving the defendant's right to decide how to plead. Under Medina, he didn't even have to inquire with counsel whether he talked to the guy, right, because it was state-tendered instruction. Right. So that's true, which is why in this case. What do you think would have happened if the defendant had not taken the stand? They got his confession, they got it controlled by, what do you think would have happened? He'd have been convicted of armed violence. And if he had got on the stand and said, no, I didn't deliver, no, I didn't, and then they impeached him with all this other stuff, what do you think is going to happen? Oh, now he's a liar in addition to a drug dealer, so we're going to cancel. I mean, this appears to have been a very effective strategy because armed violence was a much more serious, he was going to go to jail, it doesn't matter for how long and on what offense. Right. But even if it was an effective strategy, it was his right to decide how to plead and it is not clear that he knew that he was even on trial. So one of the main things that happens here is a defendant gets on the stand and he confesses a judicial confession to something that it is not clear that he knew he was on trial for. So he says, I delivered these drugs. So what do you do in those cases where the judge says, I'm getting on a lesser included offense instruction, the defendant just did that? Your theory would throw those, say the judge can't do that. So we're saying that in this case, the judge needed to admonish him at the point that the judge knew what the strategy was and knew that the strategy was to concede this uncharged offense. So from the defendant's perspective, it's consistent with the record that he didn't know that he was charged with this offense, that he could be convicted of this offense, and he got on the stand and confessed to this offense that he didn't know was something that he could be convicted of. Although this is a lesser included offense, it came with a significant punishment, up to 14 years. Well, we don't know that he didn't know that. You're saying the record isn't clear that he did know. Right, that's true. It's consistent with the record that he did not know it. But we don't know what kind of conversation happened between the attorney and the client. So again, thinking about Medina, so this case is different from Medina, because Medina is about the jury instructions at the end. In this case, waiting until the end to get the jury instructions would be too late to admonish this defendant because the damage had already been done. He had already gotten on the stand and conceded this offense. Before he got on the stand, he had already confessed to the police. Right. I mean, the damage was done before the trial started. Okay. I'm just trying to figure out, where's the dial for a trial? Why would anybody believe the result would have been any different, or at least any better for the defendant? Right. So for a guilty plea, again, the basis of comparison is a guilty plea. We would be the first court, at least in Illinois, to ever say that when a defendant gets on the stand and basically confesses to committing some criminal act, that that equates to a guilty plea, and the judge has got to stop the thing and say, hey. Yes, you would be the first court to say that, but it fits with the reasoning of this line of cases that is interested in preserving a defendant's right to decide how to plead. Thank you. Thank you. See, that didn't hurt. We thank both of you for your arguments this morning. We'll take the matter under advisement, and we'll issue a written decision as quickly as possible. The court will stand and recess until 1.15. All rise. This court sees the recess.